UNITED STATES, Appellee,

v.

Private (E–2) Alberto CUEVAS–OVALLE, SSN 077–50–8604, United States Army, Appellant.

CM 437033.

U. S. Army Court of Military Review.

5 Feb. 1979.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, Captain D. David Hostler, JAGC, and Captain Kevin E. O'Brien, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Michael B. Kennett, JAGC, and Captain Carl F. Meyer, Jr., JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of attempted murder, larceny, kidnapping, and absence without leave in violation of Articles 80, 121, 134 and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 921, 934 and 886. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction in grade and confinement at hard labor for thirty years. Due to the failure of the military judge to instruct the appellant on his right to speak in extenuation and mitigation, the convening authority directed a rehearing on the sentence. Upon rehearing the sentence imposed was the same except for confinement which was reduced to twenty years.[1] The convening authority approved the sentence.

The appellant has raised several errors for our review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We will discuss two of them.

## I

The appellant asserts that the military judge erred in admitting over defense objection a written confession that was taken by a criminal investigator who, knowing that appellant had a defense counsel, failed to notify the counsel and afforded him the opportunity to be present. In support of his contention, he cites *United States v. McOmber*, 1 M.J. 380 (C.M.A.1976), wherein the Court of Military Appeals stated:

> . . . once an investigator is on notice that an attorney has undertaken to represent an individual in a military criminal investigation, further questioning of the accused without affording counsel reasonable opportunity to be present renders any statement obtained involuntary under Article 31(d) of the Uniform Code (1 M.J. at 383).

We agree with the principle set forth in *McOmber*, but the facts here differ in such a crucial respect as to make that decision inapplicable.

In *McOmber*, an Air Force criminal investigator interviewed an accused concerning certain larceny offenses. At the time of the interview, the investigator knew from his prior investigation of one of those offenses that the accused had legal counsel. In fact, that counsel had contacted the investigator several weeks earlier to discuss the case. The investigator did not notify the counsel before the later interview. That lapse was fatal to the admissibility of the confession.

---

1. The original trial was held in the Canal Zone. The rehearing on sentence was held at Fort Leavenworth.

In the instant case, the investigator was not aware that this appellant had counsel when he commenced the interview. He advised appellant of his rights, and appellant stated he did not desire to consult with a lawyer. Appellant did not mention at that time that he had an established attorney-client relationship. After the appellant had made an oral statement and before it was reduced to writing, he advised the investigator that he was pending court-martial charges. There is a conflict in the testimony as to whether the appellant also told the investigator that he had an attorney, but it is undisputed that the investigator made no inquiry at that time as to the type and status of the court-martial, the nature of the charges, or whether the appellant had counsel. The investigator proceeded to reduce the statement to writing, and appellant signed it.

The United States Court of Military Appeals has applied the *McOmber* rationale only to cases in which the investigator had actual knowledge that an accused had counsel. That Court has extended the decision to instances where the counsel represented the accused on matters not then the subject of the inquiry, *United States v. Turner*, 5 M.J. 148 (C.M.A.1978); *United States v. Lowry*, 2 M.J. 55 (C.M.A.1976), but it has not extended it to the situation where the investigator did not have actual knowledge of representation by counsel. The important point has been that the accused had an ongoing attorney-client relationship, and the investigator knew it.

Here the military judge by his denial of appellant's motion to suppress the confession must have determined that the investigator did not know of the attorney-client relationship. Our review of the record leads us to the same conclusion. There is no indication that the investigator acted in bad faith or was attempting to circumvent the requirement of *McOmber* when he made no further inquiry into the status of appellant's court-martial or existence of an

attorney-client relationship.[2] We decline to extend the *McOmber* rule to require an investigator to make an inquiry into the existence of an attorney-client relationship under the circumstances existing here. *United States v. Roy*, 4 M.J. 840 (A.C.M.R. 1978). *Cf. United States v. McDonald*, 3 M.J. 1005 (A.C.M.R.1977), *pet. granted*, 4 M.J. 160 (C.M.A.1977). The confession was properly admitted.

II

The second matter for discussion concerns the kidnapping charge. Appellant couches the alleged error in terms of jurisdiction of the court-martial over the charge, but we think it more appropriately a question of whether the statute involved proscribes the conduct here.

The appellant was charged under the Crimes and Offenses Not Capital clause of Article 134, UCMJ, with kidnapping in violation of Title 6, Sec. 1311, [Panama] Canal Zone Code, which provides:

Section 1311. Acts constituting kidnaping, punishment.

(a) Whoever, without lawful authority:

(1) forcibly steals, takes, or arrests a person and moves, carries, or takes him from one place to another within the Canal Zone or into any other jurisdiction; or

(2) forcibly takes or arrests a person with a design to take him out of the Canal Zone without having established a claim according to the laws of the Canal Zone or of the United States applicable in the Canal Zone; or

(3) .  .  . .

is guilty of kidnaping, and except as otherwise provided in this chapter, shall be imprisoned in the penitentiary not more than 25 years.

(b) .  .  . .

The kidnapping occurred in the Republic of Panama, but appellant forced the victim to

drive him into the Zone and onto a U.S. military installation.[3]

The appellant argues that the Canal Zone Code does not cover a kidnapping occurring outside the Zone even though the victim was eventually brought into the Zone. The Government on the other hand contends that kidnapping is a continuing offense, and the forced movement of the victim within the Zone amounts to a violation of the statute. Alternatively, the Government contends that, if the Code does not apply, the language in the specification referring to the Code is surplusage leaving an offense under the general article that would be governed by Title 18, United States Code or the District of Columbia Code.

We find appellant's argument persuasive. The language of the statutory provision speaks only in terms of the taking of a person within the Zone or into another jurisdiction from the Zone. In our opinion, the language is not broad enough to encompass the theory of kidnapping as a continuing offense where the initial taking was outside the Zone. This conclusion is supported by the language of the California Code upon which the Canal Zone Code was based.[4] The California Code had a provision covering the situation where the initial taking was outside the state and the victim was forcibly brought into the state. In basing the Canal Zone Code on the California Code, Congress did not adopt that particular provision thereby indicating it did not intend to include as a violation of the Canal Zone Code the forcible taking of a person in the Republic of Panama and the transportation of that person into the Zone.

The Government's alternative position is also unpersuasive. The reference to the Canal Zone Code cannot be disregarded as surplusage. The Government prosecuted and the appellant defended upon the premise of a violation of the statute as charged. We cannot now change the theory of the case. *United States v. Smith,* 21 U.S.C.M.A. 264, 45 C.M.R. 38 (1977); *United States v. Martin,* 50 C.M.R. 314 (A.C.M.R. 1975).

The question then arises as to possible lesser included offenses. The military judge instructed on three: unlawful detention, aggravated assault, and simple assault. Although there does not appear to be a specific lesser included offense listed under Section 1311 of the Canal Zone Code, we believe other lesser offenses which are fairly included in the specification, raised by the proof, and instructed upon could be included. *United States v. Harvey,* 19 U.S. C.M.A. 539, 42 C.M.R. 141 (1970).

Unlawful detention, a violation of Article 97, UCMJ, 10 U.S.C. § 897, would not be a lesser included offense here as the appellant was not acting under any color of authority. *United States v. Johnson,* 3 M.J. 361 (C.M.A.1977). The assault offenses, however, are another matter. The specification alleged that the appellant kidnapped the taxicab driver by forcing him at rifle point to transport the appellant to a particular place. This was sufficient to put appellant on notice that the actions against which he must defend included an assault upon the victim by pointing a rifle at him thereby using the weapon in a manner likely to produce grievous bodily harm. *Cf. United States v. Clark,* 44 C.M.R. 494 (A.C. M.R.1971); *United States v. Beasley,* 42 C.M.R. 443 (A.C.M.R.1970); *United States v. Rhea,* 10 C.M.R. 268 (A.B.R.1953). The military judge gave an appropriate instruction. Accordingly, this Court affirms the lesser included offense of assault with a means likely to produce grievous bodily harm.

---

**3.** The appellant stole an M–16 rifle. Later he hired a Panamanian taxicab in the Republic of Panama, forced the driver to proceed to an intersection where he shot a Panama National Guardsman on duty there, and then further forced the driver to take him into the Canal Zone and onto a military reservation where he was eventually captured.

**4.** Title 6, Sec. 1311 [Panama] Canal Zone Code, 1963, is based on Canal Zone Code 1934, Title 5, Sec. 281 which was derived from California Penal Code, Sec. 207.

The reduction of the kidnapping offense to an aggravated assault reduces the maximum sentence imposable based upon correct findings of guilty from fifty years, six months to twenty-eight years, six months. The maximum confinement at the rehearing on sentence was thirty years but that ceiling was adjudged initially on the incorrect maximum. At most, the ceiling at the rehearing would have been twenty-eight years, six months, and we cannot say with reasonable certainty that the sentence adjudged would not have been less. Accordingly, we find that appellant was prejudiced on the sentence. We will reassess.

Only so much of the findings of guilty of Charge V and its specification is affirmed as finds that appellant did, on or about 2130 hours, 30 May 1977, at Panama City, Republic of Panama, commit an assault upon the victim alleged by pointing a rifle at him, a means likely to produce grievous bodily harm. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above error and the entire record, the Court affirms only so much of the sentence as provides for a dishonorable discharge, forfeiture of all pay and allowances, reduction to Private (E–1), and confinement at hard labor for fifteen years.

Judges DeFORD and LEWIS concur.