# UNITED STATES

v.

**Airman First Class Jimmy K. CAUDILL, FR 406–88–4739, United States Air Force.**

**ACM S24961.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Feb. 1980.
Decided 27 Feb. 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Captain Willard K. Lockwood and Captain Luis E. Rivera, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, MILES and MAHONEY, Appellate Military Judges.

## DECISION

MILES, Judge:

·Contrary to his pleas, the accused was convicted by a military judge sitting as a special court-martial of provoking speech, assault and obstruction of justice, violations of Articles 117, 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 917, 928, 934.[1] The approved sentence extends to a bad conduct discharge, confinement at hard labor for ninety days and reduction to airman basic.

The obstruction of justice charge alleged that the accused wrongfully attempted, by threat, to influence the testimony of Erick Ness as a witness before a court-martial. Appellate defense counsel contend the

charge must fail as there was no evidence that Ness was, at the crucial time, a witness. In effect, counsel contend that decisions of various federal courts narrowly construing 18 U.S.C. § 1503 (1976), apply to obstruction of justice as an offense under Article 134, Code, *supra*.[2] We disagree.

On 9 January 1980, the accused was formally charged with damage to government property by discharging a fire extinguisher and threatening two other Airmen, Thomas and Jones, in violation of Articles 108 and 134, Code, *supra*. Airman Ness, the accused's roommate, had been present at the scene of the two incidents which resulted in these charges. Thereafter, on 11 January 1980, the accused told Airman Ness: "I ain't threatening you, but if I go down there will be some bodies floating in the bayou." Because of other conversations with the accused, Airman Ness understood this as a personal threat and an inducement to testify falsely if he were called as witness in the accused's trial.

When this threat was made, there was no particular reason to believe that Airman Ness would or would not be called as a witness. He was not listed on the charge sheet as a prospective witness. Although he had previously furnished a statement concerning the incidents to the security police, the contents are unknown except that Ness acknowledged at trial that the statement was false.

■ In our view, the accused's threat to Airman Ness constituted obstruction of justice and an offense under Article 134, Code, *supra*, even if the accused was not on notice that Ness would be a witness. Obstruction or interference with the administration of justice in the military system has

1. He was acquitted of willful damage to government property by discharging a fire extinguisher in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908.

2. See, for example, *United States v. Jackson*, 513 F.2d 456, 459 (DC Cir. 1975), which states:
   Indubitably, one is a witness, within the meaning of Section 1503, when he knows or is supposed to know material facts, and ex-

pectably is to be called to testify to them. Just as clearly, he is not a witness when, despite his testimonial potential, there is no present prospect of ever exploiting it. [Citations omitted]
*Accord: United States v. Griffin*, 463 F.2d 177 (10th Cir. 1972), cert. denied, 409 U.S. 988, 93 S.Ct. 34, 34 L.Ed.2d 254 (1972); Annot., 20 A.L.R. Fed. 731 (1974).

long been recognized as an Article 134 offense. *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952). To the extent such conduct prejudices good order and discipline, it is an offense under Article 134 regardless of whether it also violates federal statutes. *United States v. Long, supra; United States v. Favors*, 48 C.M.R. 873 (A.C.M.R.1974); *United States v. Delaney*, 44 C.M.R. 367 (A.C.M.R.1971). The elements of obstruction of justice under Article 134 are simply not controlled by the elements of similar offenses denounced by the United States Code. *United States v. Long, supra; United States v. Rossi*, 13 C.M.R. 896 (A.F.B.R.1953). *Cf. United States v. Daminger*, 30 C.M.R. 826 (A.F.B.R. 1960), on rehearing, 31 C.M.R. 521 (A.F.B.R. 1961), pet. denied, USCMA, 31 C.M.R. 314 (1961).

The United States Court of Military Appeals long ago observed:

> [W]hile tampering with, or intimidation of witnesses is not specifically mentioned [in the Code], it is axiomatic that courts-martial would be unduly hampered and influenced adversely if witnesses were not free to testify without fear of molestation. We can hardly imagine how a judicial system, civilian or military, could perform its functions properly if witnesses had to testify with knowledge that the courts could not offer some degree of protection from physical abuses administered by those who feel offended.

*United States v. Long, supra*, at 65.

Wrongfully influencing, threatening or impeding a person who is expected to be a witness or a person who simply has the potential to be a witness, when done for the purpose of affecting testimony, is, *per se*, prejudicial to good order and discipline and inimical to the effective functioning of military justice. We also hold such conduct is fairly included within the language of the specification alleging that an accused did wrongfully and unlawfully endeavor to in-

fluence the testimony of a named person as a witness.

As pointed out by government counsel, to hold that a person in Ness' position is not a witness for purposes of obstruction of justice would frustrate the integrity of the court martial process. In effect, an alert accused could contact anyone he suspected might be a witness at a very early stage and intimidate them without dire consequences. Such a result would be intolerable. Limitations in 18 U.S.C. § 1503, relating to witnesses, have already been recognized and corrected by other congressional enactments dealing with obstruction of justice.[3] We see no need to now engraft such limitations, urged by appellate defense counsel, onto Article 134, Code, *supra*.

The other issues raised by appellate defense counsel have been considered and resolved adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.

---

**3.** See, for example, 18 U.S.C. § 1505, Obstruction of proceedings before departments, agencies and committees (1976); 18 U.S.C. § 1511, Obstruction of State or local law enforcement (1976); 18 U.S.C. § 1510, Obstruction of criminal investigations (1976); Annot., 18 A.L.R. Fed. 875 (1974).