## UNITED STATES

v.

### Airman Ronald F. CHODKOWSKI, FR 104–50–7860, United States Air Force.

### ACM 22740.

U. S. Air Force Court of Military Review.

Sentence Adjudged 18 Jan. 1980.

Decided 7 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

MILES, Judge:

We find accused's conviction for obstruction of justice proper although there was no direct evidence that court-martial charges were pending at the time of the offense. Prior decisions of the Air Force Board of Review, to the extent they are inconsistent with this holding, will no longer be followed.

The accused was convicted by general court-martial of two specifications of failing to obey a lawful order, four specifications of transfer of marijuana, transfer of cocaine, possession of marijuana and obstruction of justice, violations of Articles 92 and 134, 10 U.S.C.A. §§ 892 and 934, Uniform Code of Military Justice. Except for one of the failure to obey offenses, he pled not guilty. The approved sentence extends to a bad conduct discharge, confinement at hard labor for three years, forfeiture of $299.00 per month for three years and reduction to airman basic.

The obstruction of justice offense arose in early September 1979 when the accused told K that he had heard K was to testify in a court-martial against the accused and if K knew what was good for him, he would not testify. The accused said he could easily break K's arm and send him to the emergency ward. As a result of the threat, K promised to furnish a statement to the accused asserting that a prior statement given by K to the Air Force Office of Special Investigations was false. The date this incident occurred is not established, but initial charges against the accused were preferred on 6 September 1979.

At trial and before this Court, defense counsel argue that this offense must fail because there was no direct evidence that charges were pending when the obstruction occurred. In their view, obstruction of justice under Article 134 was designed to be a counterpart to 18 U.S.C. Sections 1503 and 1505 (1976) and is controlled by statutory limitations therein.[1] One limitation is that there must be a pending criminal proceeding at the time the alleged obstruction occurs.[2] Our previous decisions in *United States v. Daminger*, 30 C.M.R. 826 (A.F.B.R.1960), *pet. denied*, 12 U.S.C.M.A. 748, 31 C.M.R. 314 (1961), *rehearing*, 31 C.M.R. 521 (A.F.B.R.1961) supports the defense view. At trial the military judge rejected the defense argument asserting that *United States v. Daminger* no longer represented accurate and controlling law on that issue. We agree with the trial judge.

Obstruction or interference with the administration of military justice has long been recognized as an Article 134 offense

---

1. See, also, 18 U.S.C. Section 1511, Obstruction of State or local law enforcement (1976); 18 U.S.C. Section 1510, Obstruction of criminal investigations (1976); Annot., 18 A.L.R.Fed. 875 (1974).

2. *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972); Annot., 20 A.L.R.Fed. 731, 755 (1974).

independent of other federal statutes.[3] *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952). The elements of the Article 134 offense are *not* dictated by the elements of similar offenses denounced by the federal criminal code. *United States v. Long, supra; United States v. Caudill*, 10 M.J. 787 (A.F.C.M.R.1981); *United States v. Favors*, 48 C.M.R. 873 (A.C.M.R.1974). As this Court recently noted, in a similar context:

> Wrongfully influencing, threatening or impeding a person who is expected to be a witness or a person who simply has the potential to be a witness, *when done for the purpose of affecting testimony* is, *per se*, prejudicial to good order and discipline and inimical to the effective functioning of military justice. (emphasis added).

*United States v. Caudill, supra* at 789.

The impact of such conduct is equally pernicious and disruptive whether or not formal charges are pending. To hold otherwise would permit the integrity of the court-martial process to be compromised on the eve of its birth. In effect, those who were alert enough to act immediately before the formal process began would be insulated from dire consequences for their perverse conduct. This we cannot allow. Accordingly, we hold that the offense of obstruction of justice under Article 134 exists, if the other elements of the offense are proved, regardless of whether or not formal charges are pending. To the extent our previous decisions in *United States v. Daminger, supra*, are inconsistent with this holding, they will no longer be followed.

The other assignments of error have been considered and are resolved adversely to the accused. The findings of guilty and the approved sentence are

AFFIRMED.

EARLY, Chief Judge, and KASTL, Judge, concur.

---

3. This does not preclude possible charging as a crime and offense not capital under Article 134, UCMJ, in violation of 18 U.S.C. Section 1503 or 1505 (1976) or other statutes listed *supra* note 1.