UNITED STATES, Appellee,

v.

Private First Class Phillip E. RIDGEWAY, SSN 418–92–8164, United States Army, Appellant.

CM 441042.

U. S. Army Court of Military Review.

23 April 1982.

---

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain Dennis E. Brower, JAGC, and Captain Jon S. Pascale, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain Daniel N. Velling, JAGC, were on the pleadings for appellee.

Before FULTON, CLAUSE and COHEN, Appellate Military Judges.

## OPINION OF THE COURT

FULTON, Senior Judge:

Before a military judge constituting a general court-martial, appellant pleaded guilty to wrongfully possessing marihuana and endeavoring to destroy evidence (the marihuana). In addition, he was tried on charges of assaulting a commissioned officer in the execution of his office and both willfully disobeying and being disrespectful to that officer.

Appellant was acquitted of the charges of disobedience and disrespect.[1] At issue in this review of his conviction and sentence are (1) whether his effort to destroy evidence was correctly regarded as constituting the offense of obstructing justice in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), and (2) whether the military judge properly convicted him of resisting apprehension in violation of Article 95, Uniform Code of Military Justice, 10 U.S.C. § 895 (1976), when the specification on which he was tried alleged an assault on an officer in execution of his office in violation of Article 90 of the Code, 10 U.S.C. § 890 (1976).

### I

The specification pertaining to destroying evidence alleged that appellant—

[D]id . . . wrongfully and unlawfully endeavor to destroy evidence, to wit: by throwing a plastic bag of marihuana out of a barracks window, which evidence had been properly seized by Lieutenant Patrick Snyder, the Staff Duty Officer, for the purpose of being used in a trial by court-martial in the case of *United States v. Ridgeway* and *United States v. Parks.*

Specification 1 of Charge III (Violation of the Uniform Code of Military Justice, Article 134).

Stated below are the elements of the offense as the military judge enumerated them to the appellant.

The first would be that on or about the 4th of January of 1981, here at Fort Hood, Texas, that you wrongfully and unlawfully tried to destroy evidence

---

1. Convicted of the two offenses of which he had pleaded guilty, and of resisting apprehension (in lieu of assaulting the officer), appellant was sentenced to reduction to the lowest enlisted grade, forfeiture of all pay and allowances, confinement at hard labor for nine months, and discharge from the service with a bad-conduct discharge. The sentence was approved by the convening authority. Article 66 of the Uniform Code of Military Justice, 10 U.S.C. § 866 (1976), mandates review by this Court.

which was expected to be used in a court-martial against you and an individual by the name of Parks.

Secondly, the—they would have to prove that this evidence was involved in your's and Parks' case and that you had reason to believe that some sort of criminal proceeding was pending in that case.

Third, they would have to prove that you did this by grabbing a bag of marihuana and throwing it out of a barracks window.

Fourth, they would have to prove that this was done with the intent to impede the due administration of military justice. And when I say 'impede', that means to in some way keep justice from running its course or to in some way deter or prevent justice from being accomplished. And, finally, they would have to prove that under the circumstances such conduct would be to the prejudice of good order and discipline in the Armed Forces or of such a nature as to tend to bring discredit on the Armed Forces.

Transcript at 13–14; cf. U. S. Dep't of Army, Pamphlet 27–9, Military Judges' Guide para. 4–165 (1969).

As appellant described the related events to the military judge, a Lieutenant Snyder, detailed as the staff duty officer, had entered appellant's room and seized marihuana. While the seized marihuana was bagged and lying on a bed, appellant said, "He turned his back and I panicked and whatnot and I threw it out the window." Appellant's affirmative response to questions indicated he knew the marihuana could be used against himself and Parks

(who was present in the room) in some possible criminal proceeding. Asked what his intent was when he threw the marihuana from the window, appellant replied, "Possibly keeping him from getting—keep me out of trouble, whatever."

The appellant contends that two facts necessary to establish the offense of "obstructing justice" are missing. First, there were no criminal proceedings pending when he took the bag of marihuana and threw it from the window. Second, it was not shown that a specific intent to impede criminal proceedings was the object of his deed.

Underlying both arguments is the concept that the elements of the offense depicted in the Manual for Courts-Martial as "obstructing justice" are governed by the elements of the offense defined in section 1503 of title 18 of the United States Code (1976 ed.), because that statute was adopted as a guide for the model specification used in the Manual and as the basis for the maximum confinement authorized. Manual for Courts-Martial, United States, 1969 (Revised edition) at 25–16, A6–24; U. S. Dep't of Army, Pamphlet 27–2, Analysis of Contents; Manual for Courts-Martial, 1969, (Revised edition) at 25–15, A6–4 (1970). In view of our holding, in regard to the second contention, that his specific intent to impede criminal sanctions was sufficiently evidenced in appellant's replies to the questions of the military judge concerning his actions, we discuss the effect of 18 U.S.C. § 1503 upon the military offense only in relation to his first contention; namely, that criminal proceedings must be shown to have been pending.[2]

2. The statute in question is as follows:

§ 1503. Influencing or injuring officer, juror or witness generally.

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the

discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the per-

■ To begin with, we agree that the pendency of criminal proceedings of some sort is essential to successful prosecution under 18 U.S.C. § 1503. Otherwise, it would not have been necessary for the Congress to enact 18 U.S.C. § 1510, which was done in 1967, so as to extend the prohibitions of § 1503 (e.g., intimidating witnesses) to Federal criminal investigations. Act of 3 November 1967, Pub.L. 90–123, 81 Stat. 362; H.R.Rep.No.658, 90th Cong., 1st Session, *reprinted in* 1967 U.S.Code Cong. & Ad.News 1760.[3] Also, as the authorities previously cited indicate, § 1503 clearly served as a model for alleging the military offense denominated by the catchline "obstructing justice" in the Manual for Courts-Martial.

[2, 3] When a specific Federal statute is used as the basis for a charge under the third clause of Article 134, which authorizes punishment of "crimes and offenses not capital," the elements of the Federal statute are controlling as to the definition of the offense alleged. *See United States v. Smith*, 21 U.S.C.M.A. 264, 267, 45 C.M.R. 38, 41 (1972); *United States v. Perkins*, 47

C.M.R. 259, 263–64 (A.F.C.M.R.) (en banc), *pet. denied*, 22 U.S.C.M.A. 635, 48 C.M.R. 1000 (1973).[4] Such is not the case here, however.[5] Appellant was not prosecuted under the third clause for violation of the Federal code, but was instead prosecuted for violation of those clauses of Article 134 proscribing "disorders and neglects to the prejudice of good order and discipline" or "conduct of a nature to bring discredit upon the armed forces." Uniform Code of Military Justice, article 134, 10 U.S.C. § 934 (1976). The use of 18 U.S.C. § 1503 as a guide to the drafting of specifications does not dictate that the offense of obstructing the administration of military justice in violation of the first or second clauses of Article 134 be thereafter limited to only the conduct or elements within the purview of the Federal statute. *See United States v. Chodkowski*, 11 M.J. 605 (A.F.C.M.R.1981); *United States v. Caudill*, 10 M.J. 787 (A.F.C. M.R.), *pet. denied*, 11 M.J. 342 (C.M.A.1981); *United States v. Delaney*, 44 C.M.R. 367 (A.C.M.R.1971); *United States v. LeSage*, 22 C.M.R. 853 (A.F.B.R.1956); *see also*

---

formance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

3. 18 U.S.C. § 1510 (1976) specifically includes intimidation of witnesses before armed forces investigators. We are not called upon to decide whether this spells preemption of such conduct so as to be cognizable only under the third clause ("crimes and offenses not capital") of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976). *See United States v. Harvey*, 19 U.S.C.M.A. 539, 542, 42 C.M.R. 141, 144 (1970) (military offense not preempted by 18 U.S.C. § 2387 (1976)); *cf. United States v. Maze*, 21 U.S.C.M.A. 260, 264, 45 C.M.R. 34, 38 (1972) (no preemption by Federal forgery statutes).

4. As for lesser included offenses, see *United States v. Harvey*, 19 U.S.C.M.A. 539, 42 C.M.R. 141 (1970). A rule similar to that stated in the text applies to prosecutions under the Assimilative Crimes Act. *United States v. Rowe*, 13 U.S.C.M.A. 302, 32 C.M.R. 302 (1962) (involving Assimilative Crimes Act); *United States v. Cuevas-Ovalle*, 6 M.J. 909, 912 (ACMR), *pet.*

*denied*, 7 M.J. 114 (C.M.A.1979) (same); *United States v. Almendarez*, 46 C.M.R. 814, 816 (A.C. M.R.1972) (same; law regarded as uncertain).

5. Under certain circumstances, destruction of evidence falls within 18 U.S.C. § 1503 (1976), provided the record establishes the pendency of a judicial proceeding. *E.g., United States v. Walasek*, 527 F.2d 676, 678–81 (3d Cir. 1975) (destroying records subpoenaed by grand jury). Appellant could have been charged under the "crimes and offenses not capital" clause of Article 134 with violating 18 U.S.C. § 2232 (1976) (destruction or removal of property to prevent seizure) or 18 U.S.C. § 2233 (1976) (rescue of seized property). *See United States v. Fishel*, 12 M.J. 602, 606 (A.C.M.R.1981), *pet. denied*, 13 M.J. 20 (C.M.A.1982) (§ 2232); *United States v. Spicer*, 547 F.2d 1228 (5th Cir.), *cert. denied*, 430 U.S. 987, 97 S.Ct. 1688, 52 L.Ed.2d 383 (1977) (§ 2233).

However, the offense is not necessarily dependent upon the terms of a statute, for even at common law "[i]t is an obstruction of justice to stifle, suppress or destroy evidence knowing that it may be wanted in a judicial proceeding or is being sought by investigating law enforcement officers." *State v. Cassatly*, 93 N.J.Super. 111, 225 A.2d 141, 145 (App.Div.1966).

*United States v. Maze*, 21 U.S.C.M.A. 260, 263–64, 45 C.M.R. 34, 37–38 (1972); *cf. United States v. Wysong*, 9 U.S.C.M.A. 249, 251–52, 26 C.M.R. 29, 31–32 (1958) (determination of maximum punishment when none prescribed in Manual for Courts-Martial).

In support of his contention that the pendency of judicial proceedings was an element of the military offense required to be shown, appellant relies primarily upon an Air Force Board of Review decision in *United States v. Daminger*, 30 C.M.R. 826 (A.F.B.R.1960) (Daminger I), in which the board, emphasizing the use of the term military "judicial" system in the Court of Military Appeals' opinion in *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952), concluded that the pendency of judicial proceedings was a necessary element of the offense of obstructing justice by means of intimidating witnesses and that a "preliminary inquiry" as authorized by the Manual for Courts-Martial constituted "judicial proceedings," but that a military criminal investigation for general law enforcement purposes did not.[6]

■ This Court, however, does not view *Long* as necessitating a conclusion that the offense of obstructing military justice in violation of the first or second clauses of Article 134 requires that judicial proceedings previously have been instituted. The *Long* court spoke in terms of judicial proceedings because the facts before it involved assault upon a person who had testified before a summary court-martial and the initial question facing the court was whether a summary court-martial was a "court of the United States" within the meaning of 18 U.S.C. § 1503, under which the charge specifically was laid. The court did not decide that question, however, because it reasoned (a) that the essence of the offense charged was "obstruction or interference with the administration of justice in the military system," (b) that such an offense could be prosecuted under the first or

second clauses of Article 134, and (c) that intimidating a witness in a court-martial constituted the offense. *Cf. United States v. Delaney*, 44 C.M.R. at 368 (construing *Long* in relation to nonjudicial punishment proceedings).

■ Accordingly, and having in mind both the broad definition of obstructing justice as a common law crime and the complex of Federal statutes needed and existing in the absence of a common law of Federal crimes, we regard the offense with which appellant was charged—in essence the removal or destruction of evidence with the intent to impede the administration of military justice—as cognizable under the first or second clauses of Article 134 even though no proceedings had formally begun, the requisite knowledge underlying appellant's intent being supplied by the fact that he knew the evidence had been seized under official authority. *See United States v. Chodkowski*, 11 M.J. 605 (A.F.C.M.R.1981). The military judge's inclusion of the pendency of criminal proceedings as an element of the offense was superfluous.

■ Appellant's second contention is that no specific intent on his part to obstruct the administration of justice was shown, he only having thrown the marihuana from the window because, as he termed it, he "panicked." "Panic" may indeed connote a loss of rationality (instead of mere fear or alarm), but there is no indication that such was meant or was the case here. To the contrary, appellant conceded that he knew that the marihuana possibly would be used against him in a criminal proceeding and said his intent in removing it was to keep himself "out of trouble." Accordingly, we regard his plea as properly accepted.

The element of prejudice to good order and discipline or discredit to the armed forces having properly been taken into account, as indicated by the military judge's

---

**6.** A second case, *Daminger II*, held that intimidation of a witness who was to testify before an Article 32 (U.C.M.J.) investigating officer who had been appointed only informally constituted the offense of obstructing justice because

formal charges had been preferred. *United States v. Daminger*, 31 C.M.R. 521 (A.F.B.R.), *pet. denied*, 12 U.S.C.M.A. 748, 31 C.M.R. 314 (1961).

description of the elements, appellant's plea of guilty to the offense charged may stand. *Cf. United States v. Almendarez*, 46 C.M.R. at 816 (no indication judge considered prejudice to order and discipline or service discredit).

## II

Appellant's second assigned error is more meritorious. He was charged with violating Article 90 of the Uniform Code of Military Justice, 10 U.S.C. § 890 (1976), in that he "did . . . strike First Lieutenant Patrick Snyder, his superior commissioned officer, who was then in execution of his office, on the chin with his fist." He pleaded not guilty. After hearing the only evidence, which was presented by the prosecution, the military judge found appellant not guilty of violating Article 90, but guilty of violating Article 95, indicating by means of exceptions and substitutions shown in the specification below that the appellant—

> [D]id . . . ~~strike~~ [resist being lawfully apprehended by] First Lieutenant Patrick Snyder, his superior commissioned officer, ~~who was then in the execution of his office, on the chin with his fists.~~

Appellant now contends that it was improper to convict him of resisting apprehension, although that is a distinctly lesser offense in terms of maximum punishment.[7] He contends that, even supposing the proof reasonably raised the included offense, the specification was insufficient to give fair notice that lawful apprehension was involved. *See United States v. Thacker*, 16 U.S.C.M.A. 408, 410, 37 C.M.R. 28, 30 (1966).

█ The Government's response is twofold. First, that the specification meets the standards for post-trial attack. *See United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). Second, that the

error had insufficient impact to warrant consideration for the first time on appeal. *Cf. United States v. Stringer*, 4 U.S.C.M.A. 494, 398–99, 16 C.M.R. 68, 72–73 (1954). We decide this assignment on a different basis, however: the Court is not convinced beyond a reasonable doubt that appellant was resisting apprehension when the violence that was charged occurred. The evidence indicates that appellant already had been apprehended and taken into custody when the assault, which grew out of his attempt to destroy evidence, occurred.

█ Disapproval of the finding of guilty does not in itself require sentence relief, however, because, despite having reservations as to their multiplicity, the military judge acceded to a defense request that he consider the "obstruction of justice" and the "resistance" as merging for purposes of punishment and said that he would consider all of the offenses as multiplicious for sentencing, thereby merging them with the five-year offense of wrongfully possessing marihuana. Transcript at 57.

The findings of guilty of Specification 1 of Charge II and Charge II are set aside and the charge is dismissed.[8] The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Judge CLAUSE and Judge COHEN concur.

---

**7.** The maximum punishment authorized for resisting apprehension includes a bad-conduct discharge and confinement at hard labor for one year, whereas for assaulting one's superior commissioned officer in the execution of his office, it is a dishonorable discharge and confinement for ten years. Manual for Courts-Martial, United States, 1969 (Revised edition), Table of Maximum Punishments, Section A at 25–12.

**8.** Appellant was found not guilty of the only other specification brought under that charge.