**UNITED STATES**

v.

**Staff Sergeant Melvin C. KELLOUGH,
FR 449–94–7427, United States
Air Force.**

**ACM S26520.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Aug. 1984.

Decided 18 Jan. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Lieutenant Colonel Michael D. Wims.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Robert E. Ferencik, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

## DECISION

O'HAIR, Judge:

Sitting as a special court-martial, the military judge found the accused guilty of

obstruction of justice and possession of marijuana, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, and sentenced him to be reduced to the grade of airman and discharged with a bad conduct discharge. The accused has submitted three assignments of error, but we will discuss only two, the first of which is:

> THE CHARGE ALLEGING THAT THE ACCUSED OBSTRUCTED JUSTICE MUST BE SET ASIDE BECAUSE THE PROSECUTION FAILED TO INTRODUCE ANY EVIDENCE THAT THE ACCUSED HAD REASON TO BELIEVE THAT THERE WERE CRIMINAL PROCEEDINGS PENDING AGAINST ANYONE REGARDING THIS CHARGE, THEREBY FAILING TO INTRODUCE ANY EVIDENCE WHATSOEVER REGARDING ELEMENT TWO OF THIS CHARGE.

■ At trial, the government introduced evidence tending to show that at the time of the alleged offense the accused and his wife, Staff Sergeant Dyous-Kellough, were pending a divorce and an accompanying contest for the custody of their minor child. Presumably to improve his chances of retaining custody of the child, the accused placed a magnetic key container containing two marijuana cigarettes on the inside of the front, left wheel well of his wife's vehicle. An anonymous caller then notified the police and, after describing the accused's wife's vehicle, informed them that there would be marijuana in her vehicle. On the following day the accused took a friend of his to the parking lot of his wife's duty section and the accused checked her vehicle to make sure the marijuana was still in place in the wheel well. In a sketchy fashion he told his friend of his scheme and the friend secretly notified Sergeant Dyous-Kellough of the marijuana's presence. The latter removed the key container from the wheel well and gave it to her supervisor who in turn provided it to the Office of Special Investigations (OSI). At no time previous or subsequent to this incident was the wife ever subject to any disciplinary or administrative action by her commander.

Prior to inviting arguments on findings, the military judge voiced his concern over whether the government had proved a case of obstructing justice when no evidence of any criminal proceedings against the wife had been introduced. Along the same lines, the trial defense counsel argued that an essential element of that specification which must be proved by the government was that "... some sort of charges were pending or that action was taken ..." against Sergeant Dyous-Kellough as a result of the discovery of the marijuana in her possession. In rebuttal, the trial counsel cited *United States v. Chodkowski*, 11 M.J. 605 (A.F.C.M.R.1981) and *United States v. Ridgeway*, 13 M.J. 742 (A.C.M.R. 1982), to support their rationale for charging the accused with obstruction of justice.

We find that neither of those cases addresses a factual situation similar to the one we face, wherein the accused is charged with "planting evidence" on the property of another. In *Chodkowski, supra,* the court affirmed a conviction based upon an attempt by an accused to wrongfully influence or intimidate a witness in a situation where misconduct had occurred, although no formal charges were pending at the time of the improper act. The court in *Ridgeway, supra,* addressed a case of destruction or removal of evidence by the accused where, once again, no formal criminal proceedings had begun, but which were in the formative stages.

Following his deliberations, and prior to his announcement of findings of guilty of both specifications, the military judge announced that he was relying on the authority found in *United States v. Long,* 2 U.S.C. M.A. 60, 6 C.M.R. 60 (1952). In that case the accused was charged with violating a federal statute prohibiting obstruction of justice by committing an assault and battery on a female "on account of her having previously attended and testified as a witness in a court of the United States, namely a Summary Court-Martial". Although this offense was charged as a crime or

offense, not capital, under Clause 3 of Article 134, UCMJ, the Court affirmed the conviction as a disorder or neglect to the prejudice of good order and discipline of the armed forces, Clause 1, Article 134, UCMJ. This was necessary because there was no evidence before the court to prove that military courts are encompassed within the phrase "court of the United States". Rather than decide the question of whether military courts are "courts of the United States", the Court found it more expedient to affirm the conviction under Clause 1. *Long, supra,* at 64, 65.

■ None of these cases, or any others we can find, support the proposition that a person may commit the offense of obstruction of justice by "planting" contraband on an individual, or otherwise causing disciplinary action to be instituted against an innocent victim. The offense was designed to insure that once criminal proceedings are initiated, formally or at any time after the criminal misconduct is discovered, all persons responsible for the administration of justice are protected against those who would interpose obstacles or impediments, or in any manner interrupt the proceedings. *Baker v. State,* 178 S.E.2d 278, 122 Ga. App. 587 (1970), *cert. denied* 401 U.S. 1012, 91 S.Ct. 1265, 28 L.Ed. 549 (1971). The court in *Long, supra,* described this protective function as follows: "We can hardly imagine how a judicial system, civilian or military, could perform its functions properly if witnesses had to testify with knowledge that the courts could not offer some degree of protection from physical abuses administered by those who felt offended." *Long,* at 65.

Appellate defense counsel also direct our attention to the second of the elements of the offense of obstruction of justice, as found in the Military Judges' Handbook, to

convince us that an essential element to be proved by the government is that the act complained of was committed at a time when there were criminal proceedings pending against someone. Element 2 provides: "That the accused did so in the case of *(state the name of the accused in that case)* against whom the accused had reason to believe there were criminal proceedings pending; ..." Department of the Army Pamphlet 27–9, Military Judges' Handbook, May 1982, paragraph 3–165.

From the above examination we are convinced that, because of the failure of the government to prove that criminal charges were pending against Sergeant Dyous-Kellough at the time the accused placed marijuana on her car, the accused cannot be found guilty of the offense of obstructing justice.

■ Appellate government counsel have provided for such a contingency in their brief. They urge us to find that the accused's misconduct violated Clause 1 of Article 134, UCMJ, because the findings of the military judge clearly describe conduct which is prejudicial to good order and discipline.* Authority for this position is found in *United States v. Mayo,* 12 M.J. 286 (C.M.A.1982), where the court salvaged a finding of guilty even though there was a deficiency in the pleadings alleging the violation of a federal statute prohibiting bomb threats. After analyzing the conduct described in the specification, the Court found sufficient evidence to support a finding of guilty of conduct prejudicial to good order and discipline. See also *United States v. Williams,* 17 M.J. 207 (C.M.A.1984). Applying this authority to the facts before us, we observe that the findings of the military judge, by exceptions, describe a series of acts which are unequivocally conduct which constitutes a military disorder. It is

---

* The findings of the military judge are as follows: In that ... did, at or near ..., on or about 17 June 1984, wrongfully and unlawfully endeavor to influence the actions of military commanders on Cannon Air Force Base by placing two marijuana cigarettes in a magnetic key box, attaching the box to the inside front fender of a car owned by Staff Sergeant Lillian Dyous-Kellough

and attempting to arrange to have military authorities on Cannon Air Force Base stop and search said vehicle in order to make it appear that the said Staff Sergeant Lillian Dyous-Kellough had committed an offense against the Uniform Code of Military Justice, to wit: wrongful possession of marijuana.

also note-worthy that the military judge did not characterize the offense committed by the accused as one of obstruction of justice. From these facts, we find that the accused's attempt to influence the military justice process through fraud and deceit amounts to conduct which is palpably and directly prejudicial to good order and discipline and, as such, is in violation of Clause 1 of Article 134.

In the second assignment of error to be discussed, the accused has alleged: THE CONVENING ORDER IS WITHOUT A COMMAND LINE, THEREFORE, THE RECORD IS WITHOUT ANY INDICATION THAT A PERSON POSSESSING AUTHORITY TO CONVENE A COURT–MARTIAL CONVENED THE COURT TO WHICH THIS CASE WAS PREFERRED.

We find the absence of the command line on the convening order to be nothing more than an administrative error and one which is not a jurisdictional defect. *United States v. Blaylock*, 15 M.J. 190 (C.M.A. 1983); *United States v. O'Connor*, 19 M.J. 673 (A.F.C.M.R.1984); *United States v. Shepardson*, 17 M.J. 793 (A.F.C.M.R.1983), *pet. denied*, 18 M.J. 282 (1984).

Although not asserted as an error, we find that the two specifications are multiplicious for findings as both events upon which the specifications are based are merely different aspects of a continuous course of conduct. *United States v. Baker*, 14 M.J. 361 (C.M.A.1983). In such a situation, the remedy is to consolidate the specifications into one. Accordingly Specification 1, therefore, is modified to show the accused:

... did, at or near Cannon Air Force Base, New Mexico, on or about 17 June 1984, wrongfully possess some quantity of marijuana in the form of two cigarettes and did thereafter wrongfully and unlawfully attempt to influence the actions of the military commanders on Cannon Air Force Base by placing the said marijuana cigarettes in a magnetic key box, attaching the box to the inside front fender of a car owned by Staff Sergeant Lillian Dyous-Kel-lough and attempting to arrange to have military authorities on Cannon Air Force Base stop and search said vehicle in order to make it appear that the said Staff Sergeant Lillian Dyous-Kellough had committed an offense against the Uniform Code of Military Justice, to wit: wrongful possession of marijuana.

Specification 2 of the charge is dismissed. Reassessing the sentence we find it nonetheless appropriate. The findings of guilty, as modified, and the sentence are

AFFIRMED.

FORAY, Senior Judge, concurs.

SNYDER, Judge, absent.