**UNITED STATES, Appellee,**

v.

**Michael JONES, Specialist Four U.S. Army, Appellant.**

No. 47,143.

SPCM 18171.

U.S. Court of Military Appeals.

May 13, 1985.

For Appellant: *Captain Robert S. Johnson, Jr.* (argued); *Colonel William G. Eckhardt, Lieutenant Colonel William P. Heaston, Captain Harry L. Williams, Jr.,* and *Captain Lawrence R. Hughes, Jr.* (on brief).

For Appellee: *Captain Edmond R. McCarthy, Jr.* (argued); *Colonel James Kucera, Lieutenant Colonel John T. Edwards,* and *Major Patrick M. Flachs* (on brief); *Lieutenant Colonel Adrian J. Gravelle.*

*Opinion of the Court*

COX, Judge:

The accused was tried by special court-martial, military judge alone. He was convicted, despite his plea, of obstruction of justice, and, pursuant to his pleas, of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged and approved sentence extended to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $250.00 pay per month for 3 months, and reduction to E-1. The United States Army Court of Military Review affirmed in a memorandum opinion. The accused submitted a petition for grant of review without presenting any issues, but this Court specified the following issue:

WHETHER SPECIFICATION 1 OF THE CHARGE STATES THE OFFENSE OF OBSTRUCTION OF JUSTICE BY DESTRUCTION OF EVIDENCE, IN THAT NO JUDICIAL PROCEEDING HAD BEEN COMMENCED AT THE TIME OF THE ALLEGED ACT OF DESTRUCTION.

After consideration of the record, the briefs, and argument presented by counsel, we affirm.

During a "health and welfare inspection" of the accused's room conducted by Second Lieutenant Donald Devine and Staff Sergeant Milton Lampe, the former found a black pouch in a jacket in the accused's wall locker. Further examination of the pouch revealed approximately twenty foil packets containing "a light powdery substance" which Lieutenant Devine considered to be heroin. He based his deduction upon previous training he had received. He seized the pouch and placed it in an envelope which he marked, sealed and placed on a desk in the room next to another envelope containing a pipe with residue suspected to be marihuana which had been found earlier. At this point the company commander, Captain James Bryan, entered, examined the envelope, and then replaced it on the desk. As the two officers were about to depart the room, Sergeant Lampe called out for them to return. The accused had entered the bathroom and locked the door, and the envelope containing the pouch was missing. Captain Bryan attempted to open the door, but the accused denied him entrance—complaining about lack of privacy. Devine heard the accused moving about in the bathroom and the toilet flush. After two-to-three minutes, the accused opened the door. A search of the bathroom disclosed nothing. The accused was partially strip-searched; the envelope was found in the waistband of his undershorts, and the black leather pouch was found near his groin. The pouch was empty.

This event gave rise to the following specification of obstruction of justice:

[At the time and place alleged, the accused did] wrongfully and unlawfully endeavor to impede an investigation, the purpose of which was to determine if 15 to 20 pieces of suspected heroin obtained in the course of a Health and Welfare Inspection of his room was in fact heroin, by wrongfully flushing said heroin down his latrine toilet; said heroin being intended for use as evidence in the case of the United States v. himself.[1]

At trial, the accused moved to dismiss the charge as not stating an offense on the ground that there was no judicial proceeding pending at the time the alleged act occurred. This motion was denied by the military judge. Before us the accused renews his attack on the specification, asserting that the military offense is derived from 18 U.S.C. § 1503, which protects witnesses, jurors, and officers of the court from intimidation or influence.[2] From this position, he contends that the absence of pending proceedings removes his conduct from the ambit of the statute, and that this precludes military prosecution for the act.

■ We disagree. We have long held that the facial similarity of a military offense with a Federal crime does not mean that courts-martial are limited to prosecuting servicemembers under clause (3) of Article 134.[3] In *United States v. Long*, 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952), we considered the nature of the offense committed by co-accused who, according to the specification, perpetrated "an assault and battery upon" a certain person "on account of her having previously attended and testified as a witness in a court of the United States, namely a Summary Court Martial." *Id.* at

---

1. The specification is taken from model form number 165 in Appendix 6c, Manual for Courts-Martial, United States, 1969 (Revised edition). We note that this model specification refers to "impede ... (an investigation)."

2. This section has been consistently interpreted to require a "pending judicial proceeding." *See United States v. Baker*, 494 F.2d 1262 (6th Cir. 1974); *United States v. Metcalf*, 435 F.2d 754 (9th Cir. 1970); *United States v. Ridgeway*, 13 M.J. 742 (A.C.M.R. 1982). This does not include FBI or IRS investigations. *See United States v. Fayer*, 573 F.2d 741 (2d Cir.), *cert. denied*, 439

U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978); *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972). But it specifically includes grand-jury investigations. *See United States v. Hubbard*, 474 F. Supp. 64 (D.D.C. 1979).

3. This is the "crimes and offenses not capital" clause. The first two clauses recognize "all disorders and neglects to the prejudice of good order and discipline in the armed forces," and "all conduct of a nature to bring discredit upon the armed forces." Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

64, 6 C.M.A. at 64. Title 18 U.S.C. § 241, as amended by § 1503, was specifically pleaded. The accused contended that a summary court-martial was not a "court of the United States" in the sense of "Title 28, Section 451, United States Code." We rejected this argument, being

of the opinion that crimes and offenses not capital, as defined by Federal statutes, may be properly tried as offenses under clause (3) of Article 134, but ... if the facts do not prove every element of the crime set out in the criminal statutes, yet meet the requirements of clause (1) or (2), they may be alleged, prosecuted and established under one of those [clauses].

*Id.* at 65, 6 CMR at 65.

More recently, in *United States v. Scholten,* 17 M.J. 171 (C.M.A. 1984), we held that, while kidnapping in the United States could be tried under "the third clause of Article 134" by charging a violation of 18 U.S.C. § 1201(a), if the proper jurisdictional bases had been established under 18 U.S.C. § 7(3), kidnapping overseas could be tried under the first two clauses of Article 134 which prohibit " 'conduct to the prejudice of good order and discipline in the armed forces' and conduct that is service discrediting." *Id.* at 173. *See United States v. Charlton,* 18 U.S.C.M.A. 141, 39 C.M.R. 141 (1969); *United States v. Jackson,* 17 U.S.C.M.A. 580, 38 C.M.R. 378 (1968); *see also United States v. Craig,* 19 M.J. 166 (C.M.A. 1985).

■ The offense of obstruction or interference with the administration of military justice has long been recognized as an offense under Article 134 independent of other Federal statutes. *United States v. Long, supra.* Hence, the elements of this offense are not dependent upon similar Federal criminal statutes. We agree with the Air Force Court of Military Review when it said:

The impact of such conduct is equally pernicious and disruptive whether or not formal charges are pending. To hold otherwise would permit the integrity of the court-martial process to be compromised on the eve of its birth. In effect, those who were alert enough to act immediately before the formal process began would be insulated from dire consequences for their perverse conduct. This we cannot allow.

*United States v. Chodkowski,* 11 M.J. 605, 607 (1981), *aff'd,* 14 M.J. 126 (C.M.A. 1982).

■ It is clear that the willful destruction of contraband seized by commissioned officers of the armed forces prejudices good order and discipline. It does not matter how the evidence is ultimately used. Willful destruction of potential evidence harms the orderly administration of justice. The accused was properly charged, tried, and convicted.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT concurs.

Judge FLETCHER did not participate.