UNITED STATES, Appellee,

v.

Staff Sergeant Elbert F. GRAY, 464–98–4970, United States Army, Appellant.

ACMR 8800714.

U.S. Army Court of Military Review.

30 May 1989.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Patricia D. White, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Martin D. Carpenter, JAGC, Captain Karen V. Johnson, JAGC (on brief).

Before DeFORD, KENNETT and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

DeFORD, Senior Judge:

Appellant was convicted pursuant to his pleas by a general court-martial with officer members of numerous offenses in violation of Articles 92 (fraternization) and 134 (obstruction of justice), Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1982) [hereinafter UCMJ]. His approved sentence included a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to the grade of Private El.

Among several assignments of error, appellant alleges that his pleas of guilty to Specifications 3 and 4 of Charge III (obstruction of justice) were improvident because the record of trial establishes that appellant was unaware of any pending investigation which his actions could impede. He further alleges that the convening authority erred in approving as part of his sentence the forfeiture of all pay and allowances when the appellant's sentence did not include confinement. We find merit in both allegations.

### I

In Specification 3 of Charge III, the appellant was charged with obstruction of justice alleged to have been committed by advising his paramour, Private (PVT) T, that she was not to discuss the couple's sexual relationship with anyone or they would both get into trouble. In Specification 4 of Charge III, the appellant was charged with an identical offense by allegedly advising another paramour, Specialist (SPC) P, to keep lying, or words to that effect, to the team investigating possible improper relationships.

The appellant entered pleas of guilty to both specifications; however, he pleaded by exceptions and substitutions to Specification 4, limiting his statement to SPC P to

the words "not to say anything to anybody." The prosecution did not contest the appellant's plea by exceptions and substitutions, and the appellant was found to be guilty pursuant to those pleas.

The alleged events occurred on or about 21 November and 28 December 1987, respectively. During the providence inquiry, the appellant, while admitting the wrongful acts alleged, stated that he was not aware of any investigation into these matters until 5 January 1988.

■ The parties had also entered into a stipulation of fact which was admitted in evidence and which provided in pertinent part:

On or about 21 November 1987 at San Antonio, Texas, the accused wrongfully and unlawfully told PVT T not to tell about his sexual misconduct. The accused did so in the case against himself since he had reason to believe there were or would be criminal proceedings pending.[1]

The stipulation further provided in part:

On or about 28 December 1987 ... the accused wrongfully and unlawfully told SP4 P to keep lying to investigators concerning his unlawful actions. The accused did so in the case against himself since he had reason to believe there were or would be criminal proceedings pending.[2]

It is obvious that the stipulations set forth above are inconsistent with the appellant's plea of guilty by exceptions and substitutions as well as his statement during the providence inquiry that he was not aware of any investigation concerning his activities until 5 January 1988. This inconsistency was not resolved by the military judge. See United States v. Davenport, 9 M.J. 364 (C.M.A.1980) (facts elicited during providence inquiry must establish the elements of the offense charged; trial judge

---

1. The second statement appears to be no more than a factual inference drawn from circumstances which may have been known to the accused and counsel but, in any case, appear to be based on unstated facts. If government counsel drafted this statement in an effort to draw from the court a conclusion of law, he failed miserably.

2. See note 1, infra.

must resolve inconsistencies or reject an accused's plea of guilty).

However, there appears to be a more fundamental problem with regard to these specifications. As this court noted some years ago,

> The basic nature of the offense of obstruction of justice was defined by the Court of Military Appeals in *United States v. Long,* [6 C.M.R. 60, 65 (C.M.A. 1952)], where the Court stated: "The essence of the offense denounced ... is the obstruction or interference with the administration of justice in the military system."

*United States v. Favors,* 48 C.M.R. 873, 875 (A.C.M.R.1974).

■ It is not necessary that formal charges be preferred or referred for trial in order to sustain a charge of obstruction of justice. *See United States v. Jones,* 20 M.J. 38 (C.M.A.1985). Nevertheless, there must be some allegation that an official authority has manifested an official act, inquiry, investigation, or other criminal proceeding with a view to possible disposition within the administration of justice of the armed forces. That fact must be known by the accused and he or she must take some affirmative act by which he or she endeavors to influence, impede, or otherwise obstruct that official action in some given objective manner before a charge of obstruction of justice will lie. *See United States v. Tedder,* 24 M.J. 176, 179 (C.M.A. 1987); *United States v. Ridgeway,* 13 M.J. 742 (A.C.M.R.1982).

Turning to the providence inquiry before us, neither the facts articulated by the appellant nor the stipulation of fact provide a factual basis for concluding that any allegation of misconduct had been made known to official authority concerning appellant's illegal sexual activities with a trainee as set forth in Specification 3 of Charge III, much less that any official act, inquiry, investigation, or other criminal proceeding had been commenced pursuant to such a complaint. Consequently, we consider appellant's statement of admonition to his paramour as no more than an attempt to conceal his misconduct by limiting other people's knowledge of his illicit activities.

■ With regard to Specification 4 of the same charge, the stipulation of fact sets forth that the appellant told his other paramour to keep lying to the investigators concerning his unlawful actions on 28 December 1987, some eight days prior to 5 January 1988, the date appellant advised the military judge that he first became aware of an investigation being conducted concerning the matter. This inconsistency, as we have noted, remains unresolved on the record. Here the military judge was required to either resolve the inconsistency or enter a plea of not guilty on behalf of appellant. *United States v. Davenport, supra. See also United States v. Hanson,* 24 M.J. 377 (C.M.A.1987). His failure to do so constituted prejudicial error.

■ This court has the option of setting aside the findings of guilty of this latter specification and returning the record to the convening authority authorizing a rehearing. However, in view of the circumstances of this case to include the fact that the appellant stands convicted of a large number of specifications which the trial court considered multiplicious for sentence purposes with the specification in question here, we deem it appropriate to terminate further litigation on this issue. Accordingly, we will dismiss this specification in our closing order.

## II

■ As noted, appellant has alleged, and government counsel has conceded, that the convening authority erred in approving forfeiture of all pay and allowances when appellant's sentence did not include confinement. *See United States v. Warner,* 25 M.J. 64 (C.M.A.1987). In that case, the Court determined that congressional policy demands that a servicemember in an active duty status should receive at least one-third of his pay; and the collection of total forfeitures from one serving actively may raise constitutional issues. Accordingly, this court, in exercising our responsibilities under Article 66, UCMJ, 10 U.S.C. § 866, is not permitted to approve such forfeitures

where, as here, the appellant was not sentenced to confinement and is required to serve for an indeterminate period in an active status while awaiting the outcome of his appeal of the approved sentence in this case. We will also correct this error in our closing order.

The remaining allegation of error not discussed herein has been considered and is deemed to be without merit.

The findings of guilty of Specifications 3 and 4 of Charge III are set aside and those specifications are dismissed. The remaining findings of guilty are affirmed.

Reassessing the sentence based upon the above-indicated errors and the entire record, and applying the criteria of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge and reduction to the grade of Private E1.

Judge KENNETT and Judge WERNER concur.