UNITED STATES, Appellee,

v.

Specialist Yvonne M. TURNER, 041–68–7413, United States Army, Appellant.

ACMR 8902255.

U.S. Army Court of Military Review.

25 May 1990.

For Appellant: Captain Jeffrey J. Fleming, JAGC, Captain Michael J. Berrigan, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Denise J. Arn, JAGC (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

KUCERA, Senior Judge:

Pursuant to a pretrial agreement, appellant pled guilty to, and was convicted of, use of cocaine and obstruction of justice in violation of Uniform Code of Military Justice, Articles 112a and 134, 10 U.S.C. §§ 912a and 934 (1982 and Supp. V 1987) [hereinafter UCMJ]. The issue to be resolved is whether

THE APPELLANT'S ACTION OF SUBSTITUTING TOILET BOWL WATER FOR HER URINE SPECIMEN DURING A RANDOM UNIT URINALYSIS INSPECTION CONSTITUTES AN OFFENSE OF OBSTRUCTION OF JUSTICE UNDER ARTICLE 134, UNIFORM CODE OF MILITARY JUSTICE?

Appellant was required to participate in her unit's randomly directed urinalysis inspection. Knowing that she used cocaine within two weeks prior to the date of the inspection, she was afraid that her urine specimen would test positive for cocaine. To prevent that from coming to pass, she filled the urine specimen cup with toilet bowl water instead of her urine. The switch of liquids was timely discovered and she was directed to submit a second speci-

men. Submission of this second specimen was done under medical supervision and, eventually, it tested positive for cocaine.

It is well settled that "obstruction of justice" is an offense under Article 134, Uniform Code of Military Justice, *United States v. Chodkowski,* 11 M.J. 605 (A.F.C. M.R.1981), *aff'd,* 14 M.J. 126 (C.M.A.1982); *United States v. Long,* 6 C.M.R. 60, 65 (C.M.A.1952) and that it may be based on conduct that occurred prior to the preferral of charges. *See also United States v. Favors,* 48 C.M.R. 873, 875 (1974); *United States v. Jones,* 20 M.J. 38 (C.M.A.1985).

To support a specification of obstruction of justice:

there must be some allegation that an official authority has manifested an official act, inquiry, investigation, or other criminal proceeding with a view to possible disposition within the administration of justice of the armed forces. That fact must be known by the accused and he or she must take some affirmative act by which he or she endeavors to influence, impede, or otherwise obstruct that official action in some given objective manner before a charge of obstruction of justice will lie, [citations omitted].

*United States v. Gray,* 28 M.J. 858, 861 (A.C.M.R.1989).

█ During the providence inquiry, appellant admitted to the wrongful use of cocaine. When directed to submit a urine specimen she got scared, for if the specimen "came up hot", she might receive an Article 15 or be court-martialed. To prevent such eventuality, she substituted toilet bowl water for her specimen. She agreed that her conduct of switching water for her urine was wrongful, would impede the administration of justice and would be prejudicial to good order and discipline, or would be service discrediting. That the deception was discovered and not allowed to succeed is of no import as an actual obstruction is not an element of the offense. Manual for Courts–Martial United States, 1984, Part IV, para. 96c [hereinafter MCM, 1984].

█ Similarly, the fact that the appellant's wrongful conduct occurred in the

course of her unit's inspection does not defeat the viability of appellant's actions constituting the obstruction of justice offense.[1] *See United States v. McDade,* NMCMR 860966 (N.M.C.M.R. 30 June 1986) (unpub.). While it is true that the primary purpose of military inspections "is to determine and to ensure the security, military fitness, or good order and discipline ...", it is also true that relevant evidence obtained in the course of such inspections is admissible. MCM, 1984, Mil.R.Evid. 313(b) [hereinafter Mil.R.Evid.].

Mil.R.Evid. 313(a) contemplates that in some cases, criminal proceedings will arise out of the conduct of random unit inspections. Correspondingly, the officials directing and conducting such inspections contemplate the possibilities of criminal proceedings within the system of military justice to adjudicate some of the offenses discovered in the course of such inspections.[2] That being so, appellant's action of substituting toilet bowl water for her urine was intended by her to thwart the possibility of military justice action being taken against her and constituted the offense of obstruction of justice.

The findings of guilty and the sentence are affirmed.

Judge GILLEY and Judge GIUNTINI concur.

---

1. One of the objectives of urinalysis inspection is an early identification of alcohol and other drug abusers. Army Reg. 600–85, Alcohol and Drug Abuse Prevention and Control Program, para. 1–8 (21 Oct. 1988) [hereinafter AR 600–85]. It serves as a valuable tool and effective deterrent against drug abuse. *Id.* at para. 1–8h.

2. "Those soldiers identified as alcohol abusers who do not warrant retention will be considered for separation from the military by their unit commanders." AR 600–85, para. 1–9. "Soldiers identified as illegal drug abusers may be considered for disciplinary actions under the UCMJ in addition to separation actions." AR 600–85, para. 1–11b.