**UNITED STATES**

v.

**Royland ARMSTEAD, 459 13 5192, Damage Controlman First Class (E–6), U.S. Navy.**

**NMCM 90 2139.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 12 Jan. 1990.

Decided 9 May 1991.

Capt. Michael K. Schaller, USMC, Appellate Defense Counsel.

Lt. Robert E. Wallace, JAGC, USNR, Appellate Defense Counsel.

Lt. Gregory P. Belanger, JAGC, USNR, Appellate Government Counsel.

Before ALBERTSON, Senior Judge, and LANDEN and LAWRENCE, JJ.

LAWRENCE, Judge:

Appellant was tried by military judge sitting alone and plead guilty to two specifications of bribery and one of obstruction of justice,[1] in violation of Article 134, Uni-

---

1. The specification of obstruction of justice reads:

In that [appellant] ... who knew, should have known, or suspected that his urine would test positive and thus require an investigation and/or disciplinary action against himself, did, [date], obstruct the due administration of

form Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced him to a bad-conduct discharge, forfeiture of $482.00 pay per month for 3 months, confinement for 90 days, and reduction to pay grade E–1. The convening authority approved the adjudged sentence.

Appellant voluntarily disclosed his drug use to command authorities prior to providing a urine sample. He was, however, required to give the sample on the ground that he reported late to work shortly after disclosing his drug involvement, and a command instruction backed by consistent practice invariably resulted in a urinalysis test for returning unauthorized absentees even when the absence was of a short duration. Because he had knowingly and recently ingested cocaine, he realized that the test would come back positive for the presence of cocaine. To prevent this result, he substituted his son's urine for his own, but the substitution was immediately discovered. He then submitted a sample of his own urine that tested positive for cocaine. Prior to entry of guilty pleas, the military judge found that appellant's voluntary disclosure was a "valid self-referral" such that his disclosure could not be used in any disciplinary action. Additionally, the military judge suppressed the results of the urinalysis based on the self-referral. Appellant stated during providency that he submitted the false sample to impede the due administration of justice and that his actions were prejudicial to good order and discipline and were service-discrediting. He further admitted that the elements of the specification as read to him accurately described what he did.

■ Although we find no factual ambiguities in appellant's responses during providency, we conclude that the facts he related do not constitute obstruction of justice. The elements of the military offense of obstruction of justice are:

(1) That the accused wrongfully did a certain act;

(2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

(3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and

(4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

Paragraph 96(b)(3), Part IV, Manual for Courts–Martial (MCM), United States, 1984.[2] Unquestionably, the offense may be based on conduct that occurred prior to the preferral of charges, *United States v. Favors,* 48 C.M.R. 873 (A.C.M.R.1974); and no judicial proceeding or even formal charges need be pending. *United States v. Jones,* 20 M.J. 38 (C.M.A.1985); *United States v. Chodkowski,* 11 M.J. 605 (A.F.C.M.R.1981). Thus, "there must be some allegation that an official authority has manifested an official act, inquiry, investigation, or other *criminal* proceeding with a view to possible disposition within the administration of justice of the armed forces." *United States v. Gray,* 28 M.J. 858, 861 (A.C.M.R. 1989) (emphasis added). The conduct must, however, be such as to influence, impede, or obstruct the due administration of justice.

■ Further, an attempt to conceal an existing offense, standing alone, is not an obstruction of justice unless the attempt tends to influence, impede, or obstruct an existing criminal proceeding or one that is clearly imminent based on an existing offense. *Cf. United States v. Asfeld,* 30 M.J. 917 (A.C.M.R.1990). *United States v. Guerrero,* 28 M.J. 223 (C.M.A.1989), makes clear that regarding the military offense of obstruction of justice the "overriding concern ... is the protection of 'the administration of justice in the military system.'"

justice by providing an adulterated urine sample.

**2.** *United States v. Guerrero,* 28 M.J. 223, 226–27 (C.M.A.1989) indicates that the elements listed

in paragraph 96(b), Part IV, MCM, accurately set forth the military offense of obstruction of justice.

28 M.J. at 227 (citation omitted). In *Guerrero*, shortly after having intentionally used his car to injure several persons in a public place, the accused told two eye witnesses to lie to the criminal investigators who he knew would shortly be on the scene. Although the Court gave no lengthy discussion of the offense of obstruction of justice itself, it is readily apparent that at the time he told the witnesses to lie he knew that those witnesses would be interviewed by criminal investigators as part of a criminal investigation that he sought to impede and obstruct.

The urinalysis test in this case apparently was conducted pursuant to Military Rule of Evidence 313(b), which permits an examination of part of a unit to

> determine and to ensure the security, military fitness, and good order and discipline of the unit.... An inspection may include ... an examination to determine and to ensure that ... personnel are present, fit, and ready for duty.... An order to produce body fluids, such as urine, is permissible in accordance with this rule. An examination made for the primary purpose of obtaining evidence for use in a trial by court-martial or in other disciplinary proceedings is not an inspection within the meaning of this rule.

The Analysis of the Rule makes clear that such inspections are administrative in nature although they may result in criminal or other disciplinary measures. *See United States v. Bickel*, 30 M.J. 277 (C.M.A. 1990).

In this case, the unauthorized absence resulted in the inspection, however, the inspection was a collateral administrative result, not a part of the military justice processing of the absence offense. While an inspection of this kind may precipitate actions that are part of the administration of criminal justice, the inspection itself is not part of the administration of criminal justice.[3] Appellant believed, of course, that if he provided a valid sample it would likely test positive and prompt an inquiry, investigation, or other criminal proceeding con-

cerning his drug use; but at the time he gave the sample no such criminal proceeding existed, was contemplated, nor could be contemplated because of his voluntary disclosure and the prohibition of disciplinary action based on such disclosure. Additionally, under the virtually unique circumstances of this case, as evidenced by the military judge's ruling on the suppression motion, had appellant provided a correct urine sample that tested positive the results were not admissible evidence of an offense. The self-referral along with the lack of any admissible evidence of drug use shows that even had appellant not provided a false sample and given a urine sample that tested positive no criminal proceedings would have resulted for drug use. Accordingly, we hold that providing a false urine sample in a urinalysis test conducted pursuant to Mil.R.Evid. 313(b) under circumstances in which a positive result indicating use of a prohibited substance is inadmissible as evidence in a subsequent criminal proceeding is not an obstruction of justice in violation of Article 134, UCMJ.

On a separate ground, we find also that appellant's guilty plea to this offense of obstruction of justice is improvident. During the providence inquiry, appellant's statements to establish a factual basis for the second element of the offense were as follows:

> MJ: Did you believe, at the time that you were providing this adulterated urine sample that there were or would be criminal proceedings against you?
>
> ACC: Yes, sir.
>
> MJ: And why did you believe that?
>
> ACC: Because I thought it would test positive.
>
> MJ: What did you think it would test positive for?
>
> ACC: Cocaine.
>
> MJ: Very well. This was a matter which you were taking up that would be in the case of the *United States Government v. You*, am I correct?
>
> ACC: Yes, sir.

---

3. *But see United States v. Turner*, 30 M.J. 984 (A.C.M.R.1990).

The subsequent colloquy covered the third and fourth elements of the offense. These responses indicate that appellant's plea was based on his belief not that criminal proceedings were pending at the time of his providing the sample rather that criminal proceedings would be pending in the future if he provided a sample of his urine. His responses indicate that he did not concede or believe that the urinalysis test itself was a criminal proceeding.

Since his guilty plea was entered immediately after the military judge had ruled that appellant made a valid self-referral prior to the urinalysis and that the results of the positive urinalysis were inadmissible in evidence, there exists no apparent objective "reason to believe that there ... would be criminal proceedings pending" against appellant if he provided a sample of his urine that tested positive. The military judge failed to address the implication of his prior ruling as it related to this aspect of the guilty plea, and nothing suggests that appellant or even his counsel recognized the effect the ruling might have on the validity or wisdom of the guilty plea.

▮ A guilty plea may not be accepted unless it has a factual basis. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969); Rule for Courts–Martial (R.C.M.) 910(e), Manual for Courts–Martial, United States, 1984. The accused's legal conclusions do not establish a factual basis for the plea; *United States v. Terry*, 21 U.S.C.M.A. 442, 45 C.M.R. 216 (1972); *United States v. Davis*, 32 M.J. 951 (N.M. C.M.R.1991), rather the factual basis he relates during the inquiry must objectively support the guilty plea. *United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Moglia*, 3 M.J. 216 (C.M.A. 1977). We find an inadequate factual basis for appellant's plea of guilty to obstruction of justice in appellant's cursory responses to the military judge's brief questions.

▮ The finding of guilty to Specification 3 of Charge I is set aside and dismissed. The findings of guilty to Specifications 1 and 2 of Charge I and of Charge I are affirmed. Specifications 1 and 2 allege that appellant solicited $25.00 from two subordinates as payment in return for which appellant would fail to take action that would result in extra military instruction. Appellant's responses during the providence inquiry indicate that he solicited the money as a loan but did not return to either person to receive the money. Trial counsel in his argument in sentencing, after asking the military judge to consider carefully appellant's decision to make an unsworn statement on "the most important day in this man's life," emphasized "that the biggest charge we are facing here is the obstruction of justice charge that has to do with a urinalysis." Under all the facts and circumstances in this case, and in light of appellant's over 9 years of honorable active service without any prior disciplinary involvement, we find reassessment in light of *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), inappropriate.

Accordingly, the sentence is set aside. The record of trial is returned to the Judge Advocate General for remand to the same or a different convening authority who is authorized to convene a rehearing on sentence, if practicable. If a rehearing is deemed impracticable, the convening authority may approve any portion of the sentence not extending to the bad-conduct discharge.

Senior Judge ALBERTSON and Judge LANDEN concur.