**UNITED STATES, Appellee,**

v.

**Private First Class Marc M. GUSSEN, 158–74–0066, United States Army, Appellant.**

**ACMR 9001229.**

U.S. Army Court of Military Review.

29 Aug. 1991.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Deborah C. Olgin, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Kenneth T. Grant, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before JOHNSON, WERNER and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

WERNER, Judge:

The appellant pled guilty to conspiracy to obstruct justice, disobedience of an order of

a superior commissioned officer not to consume alcoholic beverages, obstruction of justice, and wrongful discharge of a firearm, in violation of Articles 81, 90 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 890 and 934 (1982) [hereinafter UCMJ], respectively. A general court-martial composed of members sentenced him to a dishonorable discharge, confinement for twenty-four months, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to Private E1.

The appellant contends that his pleas of guilty to the charges of conspiracy, obstruction of justice, and disobedience of the officer's order, were improvident because the providence inquiry did not establish a sufficient factual or legal predicate for each offense. *United States v. Chambers*, 12 M.J. 443 (C.M.A.1982). We agree in part.

### I.

As to the alleged disobedience of the order, the appellant asserts that the providence inquiry did not elicit that the officer's order was personally directed to him as required by Manual for Courts-Martial, United States, 1984, Part IV, para. 14c(2)(b) [hereinafter MCM, 1984]. A stipulation of fact appended to the pretrial agreement states that the order was one of several directives issued by appellant's brigade commander to all members within his command prior to their deployment to Panama during Operation Just Cause. The orders were disseminated through the chain of command and eventually were issued to the appellant by a noncommissioned officer. The orders implemented a policy regulating the behavior of soldiers during the military

operation and included restrictions on consumption of alcoholic beverages and fraternization with civilian women. These characteristics clearly show that the commander's order which appellant disobeyed was not personally directed to him, but to the entire brigade.

Before an accused can violate the order of a superior commissioned officer, the order must be "directed specifically to the subordinate." MCM, 1984, Part IV, para. 14c(2)(b); *United States v. Sellers*, 30 C.M.R. 262, 271 (C.M.A.1961); *United States v. Marsh*, 11 C.M.R. 48, 50–51 (C.M.A.1953). There is, however, a sufficient factual basis to support appellant's plea to disobedience of orders in violation of Article 92(2), UCMJ, 10 U.S.C. § 892(2).

### II.

The appellant's attack on the obstruction of justice charge and the conspiracy to commit the same is premised on the theory that there was no criminal proceeding pending when the appellant committed the allegedly obstructionist act.[1] The appellant relies on this court's holdings in *United States v. Gray*, 28 M.J. 858 (A.C.M.R.1989) and *United States v. Asfeld*, 30 M.J. 917 (A.C.M.R.1990), to support his assertion that the pleas were improvident. *See also United States v. Armstead*, 32 M.J. 1013 (N.M.C.M.R.1991); *but see United States v. Turner*, 30 M.J. 984 (A.C.M.R.1990). In *Gray*, the accused, who was charged with fraternizing with subordinates, was alleged to have obstructed justice by telling his paramours to lie to investigators about their meretricious relationship. We set aside his guilty plea to that charge, holding:

[T]here must be some allegation that an official authority has manifested an official act, inquiry, investigation or other criminal proceeding with a view to possi-

---

1. The record reflects that appellant and two other soldiers visited a Panamanian bar, the Fenix Club, with the intent of drinking alcoholic beverages and engaging the favors of some of the resident prostitutes. While in the club, one of the soldiers, Sergeant Finsel, negligently lost a government-owned pistol. This may have constituted a violation of Article 108, UCMJ, 10 U.S.C. § 908. To prevent discovery of the loss, the three agreed to initiate and then commenced a sham fire fight after which they claimed the weapon was lost in battle. During the firing, a Panamanian civilian was shot and killed by the third soldier, Private First Class McConagle.

ble disposition within the administration of justice of the armed forces. That fact must be known by the accused and he or she must take some affirmative act by which he or she endeavors to influence, impede, or otherwise obstruct that official action in some given objective manner before a charge of obstruction of justice will lie.

*Id.* at 861 (citations omitted).

We then determined that neither the providence inquiry nor the stipulation of fact established that any official act, inquiry, investigation, or other criminal proceeding had commenced. Moreover, the stipulation of fact indicated that the accused had not become aware of such official proceeding prior to committing the obstructionist act as alleged. As there was an unresolved inconsistency between the stipulation and the plea, we were required to set it aside. *See United States v. Davenport,* 9 M.J. 364 (C.M.A.1980).

In *Asfeld,* a contested case wherein the accused told the victim of an obscene telephone call, "[d]on't report me," we again reversed the accused's conviction of obstruction of justice. We held that the accused's "alleged conduct was intended only to forestall or preclude discovery of his offense, an intent which does not amount to an attempt to interfere, impede or obstruct the 'due administration' of military justice." *Id.* at 928. Furthermore, as the victim did not have a duty to report the obscene telephone call, and, as the accused did not request or otherwise attempt to induce her to perform an affirmative act that might have interfered with the "due administration of justice," his statement to her was not wrongful. Although we noted that our opinion in *Gray* held that a conviction for obstruction of justice would not be

sustained unless official authority has manifested an official intention to conduct criminal proceedings, our decision in *Asfeld* did not rest on that principle.

■ Rather, we cited *United States v. Guerrero,* 28 M.J. 223 (C.M.A.1989), a decision post-dating *Gray,* for the proposition that where an allegedly obstructionist act anticipates a criminal justice function and is intended to subvert or corrupt that function, "[a]n act may or may not amount to an obstruction of justice, depending upon the circumstances." *Asfeld,* 30 M.J. at 926. *Guerrero* and *Asfeld* acknowledge that the elements of the offense of obstruction of justice under Article 134, UCMJ, are as delineated in MCM, 1984, Part IV, para. 96(b) and its supporting case law.[2] Furthermore, we averred that we would adhere to the traditional elements of the offense as established by that case law. *Asfeld,* 30 M.J. at 927–28. As both *Guerrero* and *Asfeld* were decided after *Gray,* we hold that there is no requirement for a criminal proceeding to have been initiated before the offense will lie. It is sufficient if the accused had reason to believe that criminal proceedings would be commenced when he committed the allegedly obstructionist act. The Court of Military Appeals has ruled:

> We agree with the Air Force Court of Military Review when it said:
>
>> The impact of such conduct is equally pernicious and disruptive whether or not formal charges are pending. To hold otherwise would permit the integrity of the court-martial process to be compromised on the eve of its birth. In effect, those who were alert enough to act immediately before the formal process began would be insulated from

---

**2.** *See United States v. Jones,* 20 M.J. 38 (C.M.A.1985) and *United States v. Long,* 6 C.M.R. 60, 65 (C.M.A.1952). Paragraph 96(b) of the Manual sets forth the following elements for the offense of obstruction of justice:
1) That the accused wrongfully did a certain act;
2) That the accused did so in the case of a certain person against whom the accused had reason to believe there were or would be criminal proceedings pending;

3) That the act was done with the intent to influence, impede, or otherwise obstruct the due administration of justice; and
4) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

dire consequences for their perverse conduct. This we cannot allow.

*United States v. Chodkowski,* 11 M.J. 605, 607 (1981), *aff'd,* 14 M.J. 126 (C.M.A.1982).

*United States v. Jones,* 20 M.J. 38, 40 (C.M.A.1985).

▮ The appellant's admissions during the plea inquiry and the evidence contained in the stipulation of fact clearly establish that the appellant knew that a criminal investigation was not only possible, but highly probable. Loss of a weapon under the circumstances described in the stipulation of fact—in a combat environment and while the appellant was in violation of a command policy—had the potential to affect the brigade's performance of its military mission. Therefore, as the appellant admitted during the providence inquiry, it was likely to have triggered a criminal investigation.[3] In order to prevent the anticipated official inquiry from being initiated, the appellant and his cohorts did more than passively conceal the events that transpired in the Fenix Club. They also conspired to divert attention from their misconduct by actively attempting to prevent what they believed, with good reason, would become a criminal investigation. We hold these facts sufficient to demonstrate subversion or corruption of the administration of justice.

We have considered the remaining allegations of error raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

▮ The Court affirms only so much of the finding of guilty of Specification 1 of Charge I as finds that the appellant, having knowledge of a lawful command from Colo-

nel Linwood E. Burney, not to consume alcohol while deployed to Panama, or words to that effect, a command which it was his duty to obey, did, at the time and place alleged therein, fail to obey the same, in violation of Article 92, Uniform Code of Military Justice. The remaining findings of guilty and the sentence are affirmed.[4]

Senior Judge JOHNSON and Judge GRAVELLE concur.

---

3. During the judge's inquiry, the appellant stated, "[a]nd we knew that Sergeant Finsel would have gotten in a lot of trouble for it, so Sergeant Finsel came up with the idea to hide the discovery of the pistol, the loss of the pistol."

4. We have considered the extensive evidence in support of clemency submitted by the appellant to the convening authority pursuant to Manual for Courts–Martial, United States, 1984, Rules for Courts–Martial 1105 and 1106, to include the

fact that he pled guilty, was only nineteen years of age, was not the leader of the escapade and was, until this incident, an outstanding soldier. Nevertheless, the offenses of which the appellant was convicted are serious considering the circumstances under which they were committed. Moreover, the sentence is fair in that it did not exceed the quantum of the pretrial agreement. *See United States v. Hendon,* 6 M.J. 171 (C.M.A.1979).