# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant DAIMON C. WEAR**
**United States Army, Appellant**

ARMY 20160508

Headquarters, Fort Campbell
Matthew A. Calarco, Military Judge
Lieutenant Colonel Robert C. Insani, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan A. Osterhage, JA (on brief); Major Todd W. Simpson, JA; Captain Bryan A. Osterhage, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Major Michael E. Korte, JA; Captain Jonathan S. Reiner, JA (on brief).


27 April 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

We address two issues in this opinion. First, with regard to appellant's guilty plea to obstruction of justice, we address appellant's claim that there is a substantial basis in fact to question the providence of his plea. Second, with respect to the contested charge of aggravated assault, we address appellant's assertion that there is factually insufficient evidence to support that death or grievous bodily harm was the "likely" result from his strangulation of his then wife. We resolve both issues against appellant and affirm the findings and sentence.[1]

---

[1] At a general court-martial appellant pleaded guilty to two specifications of violating a no contact order and two specifications of obstructing justice. A military judge convicted appellant, contrary to his pleas, of two specifications of assault consummated by battery and two specifications of aggravated assault. The military judge sentenced appellant to a dishonorable discharge and confinement for four years.

## DISCUSSION

*A. Did asking a witness to "recant" amount to obstruction?*

Appellant was suspected of sexually assaulting Specialist (SPC) ER.[2]  The government alleged that appellant obstructed justice when he asked SPC ER to "recant the allegations against him."  Appellant pleaded guilty to this specification.

"We review a military judge's decision to accept a guilty plea for an abuse of discretion and questions of law arising from the guilty plea de novo." *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.*  The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*

The guilty plea inquiry contains the following exchange in which appellant described his behavior:

> MJ: Tell me about your communications with [SPC ER] between 26 June 2015 and 30 July 2015 that make you believe that you are guilty of the offense . . . .
>
> ACC: On or about 26 June 2015, sir - - before that time, I had - - it had been communicated to me the allegations were against me, and I did not agree with them, and so I contacted Specialist [ER] to recant her statement because I did not agree with that statement, sir, so I did - - I did that on 26 June and 30 July 2015.
>
> . . .
>
> MJ: Why were you talking to her?
>
> ACC: Like I said, I was - - it was communicated to me, the allegations, which I did not agree with, and I suppose I

---

[2] Appellant was charged with three specifications of sexually assaulting SPC ER on 1 March 2015, 25 June 2015, and 6 September 2015.  After arraignment the government moved to dismiss these specifications.  Appellant pleaded guilty to violating a no contact order concerning SPC ER on divers occasions between 23 February 2015 and 24 June 2015, and on divers occasions between 10 July 2015 and 8 December 2015.  The obstruction specification concerned appellant's communications between 26 June 2015 and 30 July 2015.

> wanted to - - I wanted her to change her statement so that I wouldn't get in trouble, sir.
>
> . . .
>
> MJ: Were you trying to convince Specialist [ER] to not give evidence or testimony against you?
>
> ACC: Yes, sir.
>
> MJ: Did you have the intent when you did that to impede the investigation?
>
> ACC: Yes, sir.

On appeal, appellant asserts that the military judge abused his discretion in accepting the plea because "telling a witness to 'recant,' by itself, is insufficient to prove every element of the offense of obstructing justice beyond a reasonable doubt."[3] Appellant argues that "SGT Wear testified that he told SPC ER to recant because he did not 'agree with her allegations'" and that the "reasonable inference from this statement is that he believed SPC ER was lying to criminal investigators." Appellant then argues that one cannot obstruct justice when they tell a witness to tell the truth.

In *United States v. Kirks*, 34 M.J. 646 (A.C.M.R. 1992), this court found an obstruction of justice offense *legally* insufficient when the accused called the victim's parents and "begged" them not to "press charges." We noted that the accused "did not ask [the parents] to lie, nor did he threaten them, offer bribes, harass them with repeated telephone calls, or indulge in any other unlawful conduct." *Id.* at 651. *Kirks* can be understood as requiring that for conduct to constitute obstruction of justice, the accused must ask the witness to engage in unlawful conduct. We continued:

> Had Mr. and Mrs. L acceded to the appellant's request, they would have done nothing unlawful. At most, they would have informed the appropriate authorities that they did not desire to pursue a criminal investigation of the appellant's conduct. We hold that the appellant's conduct was not unlawful.

---

[3] Although appellant correctly states the standard of review of a guilty plea in other parts of his brief, a factual sufficiency claim creeps into the argument at times. At a guilty plea no one is "prov[ing]" the offense and our review is not focused on whether the evidence is sufficient "beyond a reasonable doubt."

*Id.* Around the same time, we set aside a specification of obstruction of justice because the obstruction was "no more than an attempt to conceal his misconduct by limiting other people's knowledge of his illicit activities." *United States v. Gray*, 28 M.J. 858, 861 (A.C.M.R. 1989)); *see also United States v. Asfeld*, 30 M.J. 917 (A.C.M.R. 1990).

We note first, that the Court of Appeals for the Armed Forces (CAAF) specifically has called into question our reasoning in some of these cases. *United States v. Barner*, 56 M.J. 131, 135 (C.A.A.F. 2001) ("We need not address the correctness of the Army Court's holdings in these cases . . . ."). The CAAF would later speak more plainly about some of this Court's analysis. *United States v. Ashby*, 68 M.J. 108, 116 n.4 (C.A.A.F. 2009) ("The [Army Court of Criminal Appeal's] holding in *Gray* is not only contrary to the language of the *MCM* . . . it is contrary to this court's precedent."). Accordingly, we find our own precedent in these cases has been paved over by case law by our superior court. For example, in *United States v. Williams*, 29 M.J. 41 (C.M.A. 1989), our superior court found that telling a witness to not cooperate with authorities, even when the witness is a co-conspirator, can constitute obstruction of justice.

Here, appellant specifically stated his intent in asking SPC ER to recant was to impede the investigation against him and he was motivated by his desire not to get in trouble. Reviewing the inquiry as a whole, we do not infer that appellant was simply asking SPC ER to tell the truth. In the context of a guilty plea, appellant's arguments require one inference too many. Appellant need not believe the allegations against him are true in order to obstruct justice by impeding the investigation. *Cf. United States v. Bailey*, 52 M.J. 687, 794 (A.F. Ct. Crim. App. 1999) (Rejecting the notion that an accused cannot be convicted of obstruction of justice in relation to a charge of which he was acquitted). While appellant may have articulated a possible basis in fact to question the factual basis of his guilty plea, we do not find it to be a substantial basis.[4]

Moreover, we review a military judge's acceptance of the factual basis of a guilty plea for an abuse of discretion. *Inabinette*, 66 M.J. at 322.[5] Indeed, we are required to give the military judge "significant deference." *Id.* (citation omitted).

_____

[4] Even assuming that appellant has found an ambiguity in the factual basis of his plea, we note that appellant has not asserted that he was prejudiced by the military judge's failure to resolve the ambiguity at trial (e.g. if the military judge had further questioned or explained the offense to him, the guilty plea would be withdrawn depending on how appellant answered the ambiguity). Article 59(a). Moreover, in *United States v. Care*, the CAAF required that *both* counsel and the military judge explain the elements of the offense to the accused. 40 C.M.R. 247 (1969).

[5] As *Inabinette* altered (or at least clarified) the standard of review for guilty pleas, reliance or comparison to cases that predate *Inabinette* is a risky business.

While prior cases may have stood for the proposition that "the military judge is obligated to make further inquiry to resolve any apparent ambiguity or inconsistency" in the plea colloquy, *United States v. Phillippe*, 63 M.J. 307, 310 (C.A.A.F. 2006), the CAAF's subsequent decision in *Inabinette* gives trial judges discretion in determining when additional inquiry is warranted.

For this reason, we do not accept the inferences from appellant's statements during the *Care* inquiry that are inconsistent with his plea when other interpretations, consistent with his plea, are reasonable. While the military judge would have been within his discretion to require further explanation from appellant, we find he was also within his discretion in accepting appellant's plea based on this record.

### B. When is strangling a person "likely" to cause death or grievous bodily harm?

Based on the testimony of Ms. KW, appellant was found guilty of two specifications of aggravated assault. On one occasion, Ms. KW testified that appellant covered her mouth and nose with his hand so that she could not breathe. She could not give precise testimony about how long this lasted and she stated she did not think that she lost consciousness.[6] Ms. KW was pregnant at the time. On the second occasion, appellant came up from behind her and put his arm around her neck. While she remembered that appellant was mad at her about "something," she again could not recall specifics. She testified that she "felt like [appellant] was using most of his strength" but that she didn't think he was "completely cutting off my airway."

On appeal, appellant argues that this testimony is insufficient to establish that his conduct was "likely" to result in grievous bodily harm. Appellant states that while the natural and probable consequence of his actions was a loss of consciousness, death or serious harm was not likely absent proof of a longer duration.

In *United States v. Herrmann*, 76 M.J. 304 (C.A.A.F. 2017), the CAAF instructed what the word "likely" means within the context of the punitive articles of the UCMJ. "[A] determination of whether death or grievous bodily harm is a 'likely' result of an accused's conduct under the provisions of [the] UCMJ, is based on the trier of facts' commonsense, everyday understanding of that term as applied to the totality of the circumstances." *Id.* at 308. We now attempt to apply this common sense, or "plain English," definition of "likely" to the facts of this case.

---

[6] Appellant asks us to infer that this testimony indicates the assault was brief and not of great consequence. Given her lack of memory, the factfinder could infer the opposite.

We first note that the CAAF specifically described the question as whether the conduct created *"a"* likely result. Thus "a likely result" is not necessarily "the likely result" or the result that is "more likely than not." In a case where there are several reasonably expected outcomes, the word likely does not imply that only one outcome is "likely." A likely outcome does not mean the "most likely" outcome out of several alternatives. For example, if someone loads a revolver with a single bullet, points it at a person and pulls the trigger, one could infer there are two reasonably expected outcomes: the gun fires or it does not. A factfinder could reasonably find that two mutually exclusive outcomes are both a likely result.[7]

Reviewing the case for factual sufficiency, and giving due recognition that the trial court saw and heard the evidence, we find that death or grievous bodily harm was a likely result from appellant's acts and therefore find the evidence factually sufficient. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002)

**CONCLUSION**

The findings of guilty and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[7] However, a one in five hundred chance is not likely as a matter of law. *See United States v. Gutierrez*, 74 M.J. 61, 67 (C.A.A.F. 0215).